Of Counsel:

BAYS LUNG ROSE & HOLMA

DAVID R. MAJOR            9194-0
Attorney at Law
A Law Corporation
JAMES G. DIEHL            10637-0
Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii 96813
Telephone: (808) 523-9000

Attorneys for Defendants
MT TERRACE AOAO [Association of
Apartment Owners], An Unincorporated
Association and TOUCHSTONE PROPERTIES,
LTD., A Domestic Profit Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES H. HALL,<br><br>           Plaintiff,<br><br>vs.<br><br>MT TERRACE AOAO [Association of<br>Apartment Owners], An<br>Unincorporated Association and<br>TOUCHSTONE PROPERTIES, LTD.,<br>A Domestic Profit Corporation And the<br>Unknown Doe Defendants,<br><br>           Defendants. | CASE NO. 1:16-cv-00552 JMS-KSC<br><br>DEFENDANTS' SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, FILED APRIL 4, 2017; DECLARATION OF TOM LONIGRO; DECLARATION OF RICHARD BOYD; DECLARATION OF DAVID R. MAJOR; EXHIBITS A-M; CERTIFICATE OF SERVICE<br><br>No trial date set. |

483775

DEFENDANTS' SEPARATE AND CONCISE
STATEMENT OF FACTS IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT, FILED MARCH 22, 2017

Defendants MT TERRACE AOAO [Association of Apartment Owners], An Unincorporated Association and TOUCHSTONE PROPERTIES, LTD., A Domestic Profit Corporation ("AOAO"), by and through their attorneys Bays Lung Rose & Holma, hereby submit their Separate and Concise Statement in Support of their Motion for Summary Judgment, pursuant to Rule 56.1 of the Local Rules of Practice of the United States District Court of the District of Hawaii.

|   | FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 1. | The Association of Apartment Owners of Mt. Terrace (the "Association") is an unincorporated association of property owners organized for the purpose of operating and administering the condominium project known as Mt. Terrace. | See Exhibit A, a copy of the Articles of Incorporation. |
| 2. | The Association is registered as a nonprofit entity with the State of Hawaii. | See Exhibit B, a copy of the Certificate of Good Standing. |
| 3. | The Association has at all relevant times had less than 15 employees. | See Declaration of Tom Lonigro ("Lonigro Decl.") ¶ 7; see Declaration of Richard Boyd ¶ 4. |
| 4. | On February 26, 2013, the Association hired Plaintiff James Hall ("Plaintiff"). | See Exhibit C, a copy of the Complaint ¶ 31. |
| 5. | Plaintiff was scheduled to work full-time at $19.00 per hour. | Exhibit C ¶ 32. |
| 6. | Plaintiff's work duties were limited to painting, electrical, plumbing, landscaping, and custodial work at Mt. Terrace. | See Exhibit D, a copy of Mt. Terrace's Maintenance personnel Job Description. |

1

| 7. | Upon hiring, Plaintiff was provided a copy of the Mount Terrace Personnel Procedures Manual ("Employee Manual"). | Lonigro Decl., ¶ 9. |
|---|---|---|
| 8. | The Employee Manual requires employees to be prompt when reporting for work. | See Exhibit E, a copy of the Employee Manual at § VIII.B.1. |
| 9. | The Employee Manual requires employees to observe work rules. | Exhibit E § VIII.C. |
| 10. | The Employee Manual prohibits employees from sleeping while at work. | Exhibit E § VIII.C. |
| 11. | The Employee Manual provides that failure to follow the rules and policies therein may result in termination. | Exhibit E § VIII.C. |
| 12. | Plaintiff acknowledged receipt and understanding of the Employee Manual. | See Exhibit F, a copy of the Acknowledgment Form. |
| 13. | Plaintiff repeatedly violated the rules and policies in the Employee Manual. | Boyd Decl., ¶ 5. |
| 14. | Plaintiff's violations were recorded in the Site Manager's Log. | See Exhibit G, a copy of the Site Manager's Log. |
| 15. | On August 19, 2013, Plaintiff left work early. | See Exhibit G at 01001110; Exhibit H-Plaintiff's First Request for Admissions, pgs. 37-38. |
| 16. | On August 21, 2013, Plaintiff was late for his scheduled work shift. | Exhibit G at 01001110; Exhibit H, pgs. 38-39. |
| 17. | On September 13, 2013, Plaintiff left work early. | Exhibit G at 01001109; Exhibit H, pg. 39. |
| 18. | On September 18, 2013, Plaintiff left work early. | Exhibit G at 01001108; Exhibit H, pgs. 39-40. |
| 19. | On October 3, 2013, Plaintiff arrived late for his scheduled work shift and left work early. | Exhibit G at 01001106; Exhibit H, pg. 40. |
| 20. | On November 27, 2013, Plaintiff arrived late for his scheduled shift. | Exhibit G at 01001104; Exhibit H, pgs. 41-42. |
| 21. | On December 23, 2013, Plaintiff never showed up for his scheduled work shift. | Exhibit G at 01001103; Exhibit H, pg. 42. |
| 22. | On January 10, 2014, Plaintiff left work early. | Exhibit G at 01001099; Exhibit H, pg. 43. |
| 23. | On January 29, 2014, Plaintiff left work early. | Exhibit G at 01001098; Exhibit H, pgs. 43-44. |

| 24. | On June 19, 2014, Plaintiff left work at 9:30 am. | Exhibit G at 01001091; Exhibit H, pg. 45. |
|---|---|---|
| 25. | On December 9, 2014, Plaintiff left work early. | Exhibit G at 01001074; Exhibit H, pg. 49. |
| 26. | On January 20, 2015, Plaintiff left work early. | Exhibit G at 01001065; Exhibit H, pgs. 52-53. |
| 27. | On March 12, 2015, Plaintiff left work early | Exhibit G at 01001054; Exhibit H, pg. 55. |
| 28. | On May 29, 2015, Plaintiff left work early. | Exhibit G at 01001047; Exhibit H, pgs. 59-60. |
| 29. | Despite receiving numerous warnings, Plaintiff continued to arrive late and leave early from scheduled work shifts. | Boyd Decl., ¶ 7. |
| 30. | Plaintiff regularly took unscheduled breaks, remained on breaks beyond scheduled break periods, performed personal tasks while at work, and slept on the job. | Boyd Decl., ¶ 8. |
| 31. | On November 21, 2013, Plaintiff took a sixty minute lunch break despite having only been scheduled for a thirty minute break. Plaintiff also took an additional thirty minute bathroom break. | Exhibit G at 01001105; Exhibit H, pg. 41. |
| 32. | On November 27, 2013, Plaintiff took a forty-seven minute lunch break despite having only been scheduled for a thirty minute break. | Exhibit G at 01001104; Exhibit H, pgs. 41-42. |
| 33. | On May 29, 2014, Plaintiff took a seventy-five minute lunch break despite having only been scheduled for a thirty minute break. | Exhibit G at 01001092; Exhibit H, pg. 44. |
| 34. | On June 12, 2014, Plaintiff took a fifty minute lunch break despite having only been scheduled for a thirty minute break. | Exhibit G at 01001094; Exhibit H, pgs. 44-45. |
| 35. | On June 25, 2015, Plaintiff took a forty-five minute lunch break despite having only been scheduled for a thirty minute break | Exhibit G at 01001090; Exhibit H, pg. 46. |
| 36. | On January 9, 2015, – Plaintiff was sleeping in Unit 15B. | Exhibit G at 01001068; Exhibit H, pgs. 50-51. |

| 37. | On January 21, 2015, Plaintiff, while on work time, changed the air pressure in the tires for his personal vehicle. | Exhibit G at 01001064; Exhibit H, pg. 53. |
|---|---|---|
| 38. | On May 26, 2015, Plaintiff took a forty-five minute lunch break despite having only been scheduled for a thirty minute break. | Exhibit G at 01001047; Exhibit H, pgs. 57-58. |
| 39. | On May 27, 2015, Plaintiff took a seventy-five minute lunch break despite having only been scheduled for a thirty minute break. | Exhibit G at 01001047; Exhibit H, pg. 58. |
| 40. | On May 28, 2015, Plaintiff took a forty-five minute lunch break despite having only been scheduled for a thirty minute break. | Exhibit G at 01001047; Exhibit H, pg. 59. |
| 41. | Plaintiff was consistently, on a day to day basis, caught texting and using his cell phone while at work. | Boyd Decl., ¶ 9. |
| 42. | In mid-2014, the Association instituted a policy on "Cell Phone Policy". | See Exhibit J, a copy of the Mt. Terrace Cell Phone Policy. |
| 43. | Plaintiff simply ignored the Cell Phone Policy and was repeatedly and continuously warned that he could be terminated as a result of the same. | Boyd Decl., ¶ 10; Exhibit H, pg. 11. |
| 44. | Plaintiff was not authorized nor did the Association ever request that Plaintiff use his cell phone for work purposes. | Boyd Decl., ¶ 1. |
| 45. | When Plaintiff was requested to leave his cell phone in the Site Manager's office, Plaintiff simply chose to purchase a new cell phone for use while he was working at Mount Terrace | Boyd Decl., ¶ 12. |
| 46. | Despite knowing that cell phone use was prohibited during work hours, Plaintiff continued to use his cell phone in violation of the Cell Phone Policy. | See Exhibit H, pgs. 9-10. |
| 47. | On January 13, 2014, in accordance with its regular business practices, conducted an evaluation of Plaintiff's work place performance. | See Exhibit K, a copy of the Employee Performance Evaluation for James Hall. |

4

| 48. | The Employee Performance Evaluation indicated that if Plaintiff did not change his behavior within two weeks, he would be terminated. | See Exhibit K, pg. 3. |
|---|---|---|
| 49. | On October 1, 2014, Plaintiff was given a verbal warning that his performance, cell phone use and texting, frequent water breaks, long lunches and bathroom breaks, were unacceptable. | Boyd Decl., ¶ 14; Exhibit G at 01001074. |
| 50. | Plaintiff was informed that the October 1, 2014 warning would be Plaintiff's last warning. | Boyd Decl., ¶ 15. |
| 51. | Plaintiff's behavior did not improve after the October 1, 2014 verbal warning. | Boyd Decl., ¶ 16. |
| 52. | On June 5, 2015, as a result of Plaintiff repeatedly arriving late to work, leaving work early, taking longer than scheduled breaks, taking unscheduled breaks, violating the Association's cell phone, and insubordination when confronted about his violations, Plaintiff was terminated. | Boyd Decl., ¶ 17. |
| 53. | Plaintiff's termination was a direct result of his inappropriate work place conduct. | Exhibit H, pg. 61. |
| 54. | On or about February 1, 2016, Plaintiff filed the Charge of Discrimination with the United States Equal Employment Opportunity Commission. | See Exhibit L, a copy of the Charge of Discrimination filed by James Hall. |
| 55. | The Charge of Discrimination was "dual-filed" with the United States Equal Employment Opportunity Commission's ("EEOC") and the Hawaiʻi Civil Rights Commission ("HCRC"). | See Exhibit L. |
| 56. | On July 8, 2016, the EEOC issued a Dismissal and Notice of Rights. | See Exhibit M, a copy of the Dismissal and Notice of Rights. |
| 57. | On October 11, 2016, ninety-five (95) days after the issuance of the Dismissal and Notice of Rights, Plaintiff filed the Complaint. | See Exhibit C. |

5

DATED: Honolulu, Hawaii, April 4, 2017.

/s/ David R. Major
DAVID R. MAJOR
JAMES G. DIEHL

Attorneys for Defendants

===============================================================
James H. Hall v. Mt Terrace AOAO, et al.; Case No. 1:16:cv-00552 JMS-KSC; *Defendants' Separate and Concise Statement of Facts in Support of Its Motion for Summary Judgment, filed April 4, 2017*