IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMES H. HALL, | ) | CASE NO. 1:16-cv-00552 JMS-KSC |
| Plaintiff, | )<br>)<br>) | DECLARATION OF RICHARD BOYD |
| vs. | )<br>) | |
| MT TERRACE AOAO [Association of Apartment Owners], An Unincorporated Association and TOUCHSTONE PROPERTIES, LTD., A Domestic Profit Corporation And the Unknown Doe Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## DECLARATION OF RICHARD BOYD

I, RICHARD BOYD, state that:

1. I am the former Property Manager for the Association of Apartment Owners of Mt. Terrace (the "Association").

2. I was the Property Manager during the time period in which James Hall was employed by the Association.

3. I am familiar with the facts underlying this matter, have reviewed the documents related to this matter, and make this Declaration in support of Defendants' Motion for Summary Judgment.



4. The Association employed less than fifteen employees, at any given time, for the entire time that I was the Property Manager.

5. Throughout Mr. Hall's tenure with the Association he repeatedly violated the rules and polices set forth in the Mount Terrace Personnel Procedures Manual.

6. Attached hereto as Exhibit G is a true and correct copy of the Site Manager's Log, which reflects my contemporaneously recorded notes of the day-to-day occurrences at Mt. Terrace, including Mr. Hall's performance as an employee.

7. Despite receiving numerous warnings, Mr. Hall arrived late and left early on multiple occasions during his employment at the Association.

8. Mr. Hall regularly took unscheduled breaks, remained on breaks beyond scheduled break periods, performed personal tasks while at work, and slept on the job.

9. Mr. Hall was observed using his cell phone and text messaging on a day to day basis during work hours.

10. Mr. Hall received numerous warnings that if he did not observe the rules of the Cell Phone Policy that he would be terminated.

11. The Association never requested or authorized Mr. Hall to use his cell phone at work for work purposes or otherwise.



2

12. Mr. Hall continued to use his cell phone during work hours despite receiving numerous warnings.

13. The Association warned Mr. Hall on multiple occasions that his behavior and performance was unacceptable.

14. On October 1, 2014, Mr. Hall was verbally warned that his performance, cell phone use and texting, frequent water breaks, and long lunches and bathroom breaks, was unacceptable.

15. On October 1, 2014, Mr. Hall was notified that he was receiving a final warning and that if he continued to demonstrate the same unacceptable behavior, that he would be terminated.

16. Mr. Hall's behavior did not improve after his verbal warning on October 1, 2014.

17. On June 5, 2015, after an altercation with a fellow employee and as a result of Mr. Hall repeatedly arriving late to work, leaving work early, taking longer than scheduled breaks, taking unscheduled breaks, violating the Association's cell phone, and insubordination when confronted about his violations, Mr. Hall was terminated.

18. The Association does not engage in interstate commerce or in the production of goods for interstate commerce.



I, RICHARD BOYD, do declare under penalty of law that the foregoing is true and correct.

DATED: Honolulu, Hawaii, March 23, 2017.

_____
RICHARD BOYD

