ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 11 2016

at 2 o'clock and 36 min P M.
SUE BEITIA, CLERK

JAMES H. HALL
PO BOX 26085
HONOLULU, HI 96825
Plaintiff, *Pro Se*
Telephone: (808) 683-9719
E-mail: hallj007@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

CV16 00552JMS KSC

| | |
|---|---|
| JAMES H. HALL,<br>Plaintiff, | § CIVIL ACTION NO.<br>§<br>§ **PLAINTIFF 'S ORIGINAL COMPLAINT** |
| v. | § Fair Labor Standards Act, 29 U.S.C § 201-217<br>§ Sections 703 and 704 of the Civil Rights Act of |
| MT TERRACE AOAO [Association of<br>Apartment Owners], An Unincorporated<br>Association and TOUCHSTONE<br>PROPERTIES, LTD.,<br>A Domestic Profit Corporation<br>And the Unknown "Doe "Defendants,<br>Defendants | § 1964 and 42 U.S.C § 1981<br>§ Chapter 378 Hawai'i Revised Statutes<br>§   Wages - Overtime<br>§   Employment Discrimination<br>§   Retaliation<br>§<br>§<br>§ **JURY TRIAL DEMANDED** |

James H. Hall,[ "Plaintiff" or "Hall"] complains of Mt Terrace AOAO ["Mt Terrace"] and Touchstone Properties Ltd. ["Touchstone"] alleging and stating his claims for relief as follows:

## I.
### NATURE OF THE ACTION, JURISDICTION AND VENUE

1. This is an action brought to redress a deprivation of those rights secured to the Plaintiff under Title VII of the 1964 Civil Rights Act Codified in 42 U.S.C. §§ 2000e-2000e-16, the present day codification of The Civil Rights Act of 1866, 42 U.S.C. 1981, and The

Page 1 of 11
*Hall vs Mt Terrace AOAO et al.*
United States District Court for The District Of Hawai'i
Plaintiff's Original Complaint

EXHIBIT C

Fair Labor Standards Act of 1937 as amended by the Portal To Portal Pay Act, 29 U.S.C. §§ 201-207.

2. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 & 1343, 29 U.S.C. § 215(a) & 216 (b), & 42 U.S.C. § 2000e-5(f).

3. Venue of Plaintiff's claims lies in the District of Hawaii and is prescribed by 28 U.S.C. § 1391 & 42 U.S.C. § 2000e-5 (f); Plaintiff's claims arose in their entirety in that District.

4. Pursuant to 28 U.S.C. § 1367, Plaintiff invokes the supplemental jurisdiction of this court to adjudicate his claims arising under Chapter 378 of the Hawai'i Revised Statutes ("HRS"), proscribing race and ethnic discrimination and retaliation in the workplace because those claims are so related to claims in the Federal action within the original jurisdiction of this court under the above cited statutes that they form part of the same case or controversy under Article III of the United States Constitution.

## II.
## PARTIES

5. Plaintiff, James H. Hall, is an adult male Anglo Caucasian citizen of the United States and the State of Hawaii who resides in the County of Honolulu.

6. Defendant, Mt. Terrace AOAO [Association of Apartment Owners] is an unincorporated association of property owners existing under the common law and statutes of the State of Hawai'i.

7. At all times set forth below, Mt Terrace continuously employed Hall and more than fifteen (15) employees in the United States in an industry affecting interstate commerce and/or engaged in interstate commerce.

Page 2 of 11
*Hall vs Mt Terrace AOAO et al.*
United States District Court for The District Of Hawai'i
Plaintiff's Original Complaint

8. Mt. Terrace may be served with process through its registered agent and president, Terry White, 250 Kawaihae St. Honolulu, Hawai'i 96825.

9. At all relevant times set forth below, Mt Terrace had an annual dollar volume of sales or business done of at least $500,000 and, as stated has been an employer doing business in the State of Hawaii, and employed at least (15) employees.

10. At all times set forth below, Hall was an employee of Mt Terrace an entity and conglomeration of individuals involved in interstate commerce.

11. On a regular basis, Plaintiff's job duties required him to traverse state lines by engaging in internet searches, and telephoning mainland manufacturers from his island workplace and order supplies that would be shipped to the island in order to complete assigned job duties.

12. At all Relevant times, Mt Terrace has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).

13. Defendant Touchstone Properties Ltd. is a domestic profit corporation created and existing under the laws of the State of Hawai'i. This entity may be served with process through James M. Merrill, its registered agent for service of process, at 680 Iwilei Rd.-Ste.777, Honolulu Hawai'i 96817.

14. At all times set forth below Touchstone was a "joint employer" of the Plaintiff as that term is understood in the Law.[1]

15. At all times set forth below, Touchstone continuously employed Hall and more than fifteen (15) employees in the United States in an industry affecting interstate commerce and/or engaged in interstate commerce.

---

[1] *Torres-Lopez v. May*, 111 F.3d 633 (9th Cir.1997)..

Page 3 of 11
*Hall vs Mt Terrace AOAO et al.*
United States District Court for The District Of Hawai'i
Plaintiff's Original Complaint

16. At all times set forth below, Hall was an employee of Touchstone an entity acting on behalf of, and an agent of Mt Terrace.

17. Touchstone, at all times set forth below, is and was an entity involved in interstate commerce

18. Touchstone, acting as an agent and in the interest of Mt Terrace, directed Hall's job tasks at Mt Terrace, set Plaintiff's compensation and assigned Plaintiff his daily, weekly and monthly job duties at the Mt Terrace workplace.

19. Touchstone set Plaintiff's hours of work, set Plaintiff's hourly compensation and hired and fired the Plaintiff.

20. Mt Terrace and Touchstone, at all times set forth below, suffered or permitted Plaintiff to work.

21. On a regular basis Plaintiff's job duties with Defendants required him to engage in internet searches, telephone mainland manufacturers, and order supplies that would be shipped to the island in order to complete job duties assigned by Touchstone and Mt Terrace.

22. At all relevant times, Defendant(s) have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).

23. All of the acts and failures to act alleged below were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise, trustee, board member, manager, and/or under the direction and control of others, except when specifically alleged otherwise.

Page 4 of 11
*Hall vs Mt Terrace AOAO et al.*
United States District Court for The District Of Hawai'i
Plaintiff's Original Complaint

24. The acts and/or omissions complained of below were within the scope of such agency and/ or employment of each agent servant and employee of Mt Terrace and Touchstone.

25. Each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants set forth below.

26. Whenever and wherever reference is made in this complaint to any act by a Defendant or Defendants, such allegations and references shall also be deemed to mean the acts and omissions of the other Defendant acting individually, jointly, and/ or severally.

27. .Pursuant to the Local rules for the District of Hawai'i and the Federal Rules of Civil Procedure, Plaintiff professes a lack of knowledge of the true names, identities and /or capacities of all defendants (if any) who participated in the adverse actions set out below.

28. These Defendants, designated as the "Doe" defendants, are named in the complaint as a matter of course.

29. Plaintiff sues the "Doe" defendant(s) by their fictitious names under the relation back doctrine and reserves the right to amend the Complaint to specifically identify each "Doe" Defendant individually or collectively as they become known through the discovery processes prescribed by the Federal Rules of Civil Procedure and the Local Rules of the District of Hawai'i.

30. Plaintiff represents to the Court that upon discovery of the specific each "Doe" Defendant, if any, who is or was in some manner responsible for the acts and omissions set forth below, he will seek leave to amend his complaint to allege the identity of the Doe Defendant(s) as well as the specific responsibility for the unlawful acts described below, when the same shall have been ascertained by Plaintiff.

Page 5 of 11
*Hall vs Mt Terrace AOAO et al.*
United States District Court for The District Of Hawai'i
Plaintiff's Original Complaint

## III
## FIRST CLAIM FOR RELIEF – FAIR LABOR STANDARDS ACT- UNPAID WAGES AND OVERTIME

31. At all times set out below, Hall was a custodial and Maintenance 1 "non-exempt" employee of Mt Terrace as defined by The Fair Labor Standards Act of 1938, as amended ["FLSA" or "The Act"]. Plaintiff began his employment with Mt. Terrace and/or Touchstone as a general maintenance worker on February 26, 2013.

32. Plaintiff's rate of pay throughout the entire tenure of his employment with Mt Terrace and/or Touchstone was Nineteen Dollars ($19.00) per hour for each hour plaintiff suffered or was permitted to work by Defendants and their agents and servants.

33. Plaintiff states that at no time during the tenure of his employment was a punch card or time clock provided by the employer to record hourly activity.

34. Defendants failed and refused to compensate Plaintiff for the overtime hours worked,

35. The hours of overtime work amounted to 131 hours from 2013 to 2015.

36. Throughout Plaintiff's entire tenure of employment, from February 26, 2013 to June 5, 2015, and in contravention of the Fair Labor Standards Act, Defendants threatened Plaintiff with job termination if claimed more than forty (40) hours per workweek.

37. Defendants and each of them threatened Plaintiff with termination and / or adverse actions if Plaintiff claimed in excess of forty(40) per workweek.

38. This practice by Mt Terrace was made at the direction of the officers agents servants and employees of Touchstone was one of for deleting and falsifying overtime hours on Hall's sign in sheet in contravention of the FLSA and the implementing regulations thereto.

Page 6 of 11
*Hall vs Mt Terrace AOAO et al.*
United States District Court for The District Of Hawai'i
Plaintiff's Original Complaint

39. As a direct and proximate result of Defendants actions, Plaintiff suffered damages in the form of unpaid wages and overtime at an hourly rate of pay of one and one half hours for each hour in excess of forty per workweek.

40. The unpaid wages owed to Plaintiff total $3,733.50 Dollars.

41. Defendants Mt Terrace and Touchstone's actions and/or omissions in falsifying Plaintiff's time sheets and failing to compensate Hall for the overtime hours worked constitute a willful violation of the Act [29 U.S.C.§ 216(b)] entitling Plaintiff to an award of liquidated damages in the amount of $7,467.00.

42. Plaintiff intends to seek an attorney to represent him and therefore requests that any attorney who appears on his behalf be awarded attorneys fees under 29 U.S.C.§216(b).

## IV
## SECOND CLAIM FOR RELIEF § 703 OF THE CIVIL RIGHTS ACT OF 1964

43. From the inception of Plaintiff's employment, Plaintiff's supervisor was Richard Boyd. Hans Gerner was the President of Mt. Terrace.

44. From the inception of Plaintiff's employment at Mt. Terrace until Plaintiffs termination on June 5, 2015, Plaintiff's co- workers at the maintenance department were non Anglo Caucasian.

45. Four(4) of Plaintiff's co- workers were Filipino/Asian and one was African-American/ Black.

46. Plaintiff was the only Anglo Caucasian custodial/ maintenance employee in the Maintenance and Custodial department.

Page 7 of 11
*Hall vs Mt Terrace AOAO et al.*
United States District Court for The District Of Hawai'i
Plaintiff's Original Complaint

47. Throughout Plaintiff's tenure of employment at Mt. Terrace, Plaintiff was subjected to a hostile working environment because of his race/national origin (non black and/or non Filipino asian), Anglo Caucasian Mainlander.

48. Plaintiff's co-workers would refer to Plaintiff as a 'haole' a pejorative dererogatory term used to describe anglo Caucasian persons born on the mainland.

49. Plaintiff's Filipino asian co-workers would monitor Plaintiff's bathroom breaks and report that these breaks were excessive.

50. From February 28, 2013 to June 5, 2015 Plaintiff's Filipino asian co-workers would photograph and surveill Plaintiff during his working hours and transmit same to Richard Boyd, plaintiff's supervisor.

51. On January 13, 2014 and January 13, 2015 Plaintiff was denied a pay raise by Mr. Boyd and Gordon Heineke and his predecessors at Touchstone.

52. Similarly situated Filipino employees were given two pay raises by Mr. Boyd, Touchstone, its agents Heineke and Heineke's predecessor at Touchstone.

53. Plaintiff's work evaluations were standard to above standard.

54. Plaintiff's co-workers left the premises without authorization and would remain away for 30 minutes or more at a time.

55. Plaintiff's African-American/black co-worker would sleep on the job on a daily basis.

56. Mr. Boyd was informed of Plaintiff's non anglo Caucasian co-workers' work infractions and the Filipino co-workers use of racial slurs.

57. Plaintiff's employment was terminated on June 5, 2015 by Touchstone and Mt. Terrace.

58. Plaintiff was replaced with John Abrams an African-American/Black.

Page 8 of 11
*Hall vs Mt Terrace AOAO et al.*
United States District Court for The District Of Hawai'i
Plaintiff's Original Complaint

59. The above described acts contravene the provisions of § 703 of the 1964 Civil Rights Act proscribing differential treatment in the workplace because of race, national origin and geographic origin.

60. As a direct and proximate result of Defendants unlawful acts and omissions, plaintiff has sustained economic injuries consisting of lost wages in the past and future (back and front pay); loss of enjoyment of life; and injury to his professional reputation.

61. Plaintiff further requests, that the finder of fact award exemplary damages in an amount authorized by the 1991 amendments to the 1964 Civil Rights Act.

62. Having completed an intake questionnaire with the United States Equal Employment opportunity Commission on November 30, 2015, Plaintiff dual filed his charge of discrimination with the United States Equal Employment Opportunity Commission and the Hawai'i Civil Rights Commission on January 28, 2016.

63. On July 12, 2016 Plaintiff actually received his notification of the termination of administrative proceedings before the United States Equal Employment Opportunity Commission.

## V
## THIRD CLAIM FOR RELIEF 42 U.S.C. § 1981

64. Plaintiff realleges and reasserts verbatim the facts, averments and denials set forth in ¶¶ 1 thru 63 above.

65. Defendants actions, whether individually or jointly constitute a deprivation of his right to make and enforce contracts on the same basis as all citizens.

Page 9 of 11
*Hall vs Mt Terrace AOAO et al.*
United States District Court for The District Of Hawai'i
Plaintiff's Original Complaint

## VI
## FOURTH CLAIM FOR RELIEF § 704 OF THE 1964 CIVIL RIGHTS ACT AND 42 U.S.C. § 1981

66. Plaintiff realleges and reasserts verbatim the facts, averments and denials set forth in ¶¶ 1 thru 65 above.

67. Plaintiff's discharge and the denial of a pay increase were motivated in whole or in part because Plaintiff opposed practices made unlawful by § 703 of the 1964 Civil Rights Act.

## VII
## SUPPLEMENTAL STATE CLAIM

68. Plaintiff realleges and reasserts verbatim the facts, averments and denials set forth in ¶¶ 1 thru 67 above.

69. The termination of Plaintiff because of his race, ethnicity and National Origin as well as his opposition to discriminatory employment practices above described are in contradiction of the provisions of Chapter 378-2 of The Hawai'i Revised Statutes.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this court:

A.      Order Defendants to make Plaintiff whole by providing compensation for past and future pecuniary losses, including appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

B.      Order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of

Page 10 of 11
*Hall vs Mt Terrace AOAO et al.*
United States District Court for The District Of Hawai'i
Plaintiff's Original Complaint

above, including emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

C. Order each Defendant to pay Plaintiff punitive damages for its intentional, malicious, and reckless conduct described above in an amount to be determined at trial.

D. Grant a permanent injunction enjoining Defendants, their officers, successors, agents, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices that retaliate against employees for engaging in protected activities.

E. Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of Title VII, and Hawai'i state statute HRS 378-2.

F. Award Plaintiff his cost of this action including reasonable attorneys fees; and

G. Grant such further relief as the court deems necessary and proper in the public interest.

Dated: October 8, 2016

Respectfully Submitted,

By: _____
James H. Hall,
Plaintiff

Page 11 of 11
*Hall vs Mt Terrace AOAO et al.*
United States District Court for The District Of Hawai'i
Plaintiff's Original Complaint